UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-vs-

ANTHONY MURPHY,

                              Defendant

DECISION AND ORDER

01-CR-6087 CJS

---

## APPEARANCES

For Defendant:          Anthony Murphy, *Pro se*
                        10779-055
                        Canaan U.S. Penitentiary
                        P.O. Box 300
                        Waymart, Pennsylvania 18472

For the United States:  Frank H. Sherman, Esq.
                        Assistant United States Attorney
                        100 State Street, Room 620
                        Rochester, New York 14614

## INTRODUCTION

Now before the Court is Anthony Murphy's ("Defendant" or "Murphy") *pro se*
application to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For
the reasons set forth below, the § 2255 motion is held in abeyance pending the Second
Circuit's resolution of Defendant's motion in that Court seeking a recall of that Court's
mandate; after which, the Government is directed to file and serve a response to the § 2255
motion.

1

BACKGROUND

The reader is presumed to be familiar with the facts of this case, which were discussed by the Second Circuit in its decision affirming Defendant's conviction and sentence, *U.S. v. Bliss, et al.*, 188 Fed.Appx. 13, 2006 WL 1975433 (2d Cir. Jul. 11, 2006). For purposes of the instant application, it is sufficient to note the following facts.

On August 30, 2001, a Federal Grand Jury in the Western District of New York returned a one-count indictment against Defendant, charging him with being a felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). On February 14, 2002, a Federal Grand Jury in the Western District of New York returned a ten-count superceding indictment against Defendant, charging him with violations of 21 U.S.C. § 846 (Count 1), 18 U.S.C. § 924(c)(1) (Counts 2 and 3), 21 U.S.C. § 843(b) (Counts 4-8), 18 U.S.C. § 1951 (Count 9), and 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (Count 10). On May 9, 2002, a Federal Grand Jury in the Western District of New York returned a second superceding indictment against Defendant and Damien Lott, Shawn Rucker, Terrance Stinson, Naftali Bliss, and Jason Perry.[1] The Second Superceding Indictment charged Defendant with violating 21 U.S.C. § 846 (Count 1), 18 U.S.C. § 924(c)(1) (Counts 2, 3, and 10), 21 U.S.C. § 843(b) (Counts 4-8), 18 U.S.C. § 1951 (Count 9), and 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 11). After Rucker and Perry pled guilty, the Second Superceding Indictment was renumbered, to simplify matters for the jury, and Count 9 became Count 4 as presented to the jury, and Count 10 became Count 5 as presented to the jury. Count 11 of the Second Superceding Indictment remained numbered as Count 11 as presented to the jury.

On July 21, 2003, the jury trial in this action began. During the trial, Defendant

---

[1]Defendant never sought severance from his co-defendants.

2

moved to dismiss the Second Superceding Indictment under the Speedy Trial Act. Defendant alleged that the trial began three days beyond the Act's 70-day deadline. The Court denied that application.

On August 26, 2003, following a 35-day jury trial, Defendant was convicted of conspiracy to possess with intent to distribute (and to distribute) 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and an indeterminate amount of marijuana in violation of 21 U.S.C. § 846 (Count 1); unlawfully using, carrying, and discharging a firearm while engaged in a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Counts 2,3, and 5); conspiracy to obstruct commerce by robbery of money and controlled substances in violation of 18 U.S.C. § 1951 (Count 4); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 11).

As for possible prison sentences, on Count 1 Defendant faced a minimum of 20 years and up to life; on Count 2, a minimum of five years to be served consecutively to any other sentence; on Count 3, a minimum of 25 years to be served consecutively to any other sentence; on Count 4, not more than 20 years; on Count 5, a minimum of 25 years to be served consecutively to any other sentence; and on Count 11, not more than ten years.

On May 5, 2005, the Court sentenced Defendant to life in prison plus 55 years, followed by a ten-year term of supervised release. The Court sentenced Defendant to life in prison on Count 1, 240 months in prison on Count 4, and 120 months in prison on Count 11, to be served concurrently. As for the three separate convictions under 18 U.S.C. § 924(c), the Court sentenced Defendant to 60 months in prison on Count 2, 300 months in prison on Count 3, and 300 months in prison on Count 5, all to be served consecutively to the sentences imposed under Counts 1, 4, and 11, and consecutive to one another. In

other words, the three consecutive sentences under § 924(c) added 55 years of imprisonment onto the sentences imposed under Counts 1, 4, and 11. In sentencing Defendant, the Court considered certain relevant conduct, found by a preponderance of the evidence, including Defendant's involvement in the robbery and murder of Lamont Gordon.

Defendant appealed and raised the following arguments: 1) the Court erred, pursuant to *Blakely v. Washington* and *U.S. v. Booker*, when it sentenced him based on facts not admitted or proven to a jury beyond a reasonable doubt; and 2) the Court erred by denying his motion to dismiss on speedy trial grounds, since 73 days had elapsed as of the start of the trial, as counted from the date that he was arraigned on the First Superceding Indictment. The Second Circuit disagreed with both arguments, and affirmed the Court's judgment. *U.S. v. Stinson, et al.*, 188 Fed.Appx. 13, 2006 WL 1975433 (2d Cir. Jul. 11, 2006). Defendant did not file a petition for certiorari.

On May 14, 2008, Defendant filed the subject motion [#421] pursuant to 28 U.S.C. § 2255. Defendant purports to state six separate grounds for relief: 1) the conspiracy charge was barred by the statute of limitations; 2) the Court violated his Sixth Amendment rights by applying guideline calculations based on a murder and on weight of drugs that were not found by the jury beyond a reasonable doubt; 3) his sentence for "crack" cocaine violated Due Process and Equal Protection; 4) the Hobbs Act robbery conviction must be set aside since there was no interstate commerce nexus; 5) the Court violated his Fifth and Sixth Amendment rights by applying sentencing enhancements under the guidelines based on facts that were not found by the jury beyond a reasonable doubt; and 6) the Second Superceding Indictment should have been dismissed under the Speedy Trial Act.

4

Defendant states that any failure to raise the foregoing grounds on his direct appeal was due to ineffective assistance of counsel. § 2255 Motion at ¶ 13.

Defendant, who has been incarcerated at all relevant times, signed and dated the § 2255 motion on May 8, 2008. On July 23, 2008, the Court observed that Defendant's motion might be time-barred under the applicable one-year limitations period, and directed Defendant to explain how the motion was timely. In that regard, the Court stated in pertinent part:

> It appears to the Court that this motion should be barred under 28 U.S.C. § 2255 and Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts. Specifically, Petitioner's conviction was affirmed by the Court of Appeals for the Second Circuit in an order entered on July 11, 2006. Thereafter, on November 6, 2006, that court granted Petitioner's motion to recall its mandate, and extended the time for filing a petition for a rehearing en banc. The en banc hearing petition was denied on January 10, 2007. Assuming without deciding that the denial of the en banc hearing moved the date of the final disposition of Petitioner's appeal, then his time for filing a petition for a writ of [certiorari] with the United States Supreme Court expired ninety days later, on April 10, 2007. Sup. Ct. R. 13(3) (2005). Accordingly, it appears to the Court that Petitioner's one-year limitation period to file a motion under 28 U.S.C. § 2255 expired on April 10, 2008. The instant petition was signed on May 8,2008, and docketed with the Court on May 14,2008.

Decision and Order [#429] at 2.

In his response [#435] to the Court's Order, Defendant alleged that he was misled by his attorney, Lawrence Kasperek, Esq. ("Kasperek"), into believing that Kasperek had filed a petition for certiorari. Defendant stated that on February 14, 2007, Kasperek informed him in writing that the Second Circuit had denied the application for rehearing *en banc*. Kasperek's letter stated, "The remaining avenue for review is now a petition of writ of certiorari to the U.S. Supreme Court. If you have any questions or concerns please don't hesitate to contact me." Kasperek's letter did not indicate whether or not he was

going to file such a petition. In an affidavit dated August 14, 2008, Defendant stated:

> On or about January 2007, after the denial of my request for rehearing and rehearing en banc on January 10, 2007, I informed counsel that I would like him to file a petition for writ of certiorari to the United States Supreme Court. See attached correspondence dated February 14, 2007.[2]
>
> Mr. Kasperek informed me that he would indeed file to the Supreme Court on my behalf in February of 2007.
>
> After several months, I contacted Mr. Kasperek concerning the status of my petition of writ of certiorari. I received no response from counsel and thus contacted the courts and discovered that no writ was ever filed on my behalf. See attached correspondence dated October 15, 2007.
>
> Upon discovering no petition was filed to the Supreme Court I diligently made efforts to procure the trial transcripts and other documents associated with my case which was voluminous because of the length of my trial. As of this date, I, Anthony Murphy, still have not received a complete trial record.

Def. Aff. [#434] at 8-9. In a memo of law accompanying his affidavit, Defendant states that after he received Kasperek's letter dated February 14, 2007, he spoke with Kasperek by telephone, and Kasperek told him that he would file a petition for cert. Memo [#434] at 3-4. Defendant states that thereafter, for several months, he "contacted" Kasperek but received no response. He states that he wrote to Kasperek in October 2007 requesting a copy of the petition for cert, and "discovered that no writ of certiorari was filed." Id. at 4.

On February 12, 2009, at the Court's direction, Kasperek submitted a responding affidavit. Kasperek states that although he discussed the process of applying for cert to Defendant, he has "no recollection of an instruction from [Defendant] directing [him] to prepare a writ of certiorari." Kasperek Aff. [#444].

---

[2]This sentence suggests that Defendant wrote a letter to Kasperek on February 14, 2007, directing him to file a petition for cert. However, the attached correspondence that Defendant refers to is actually a letter of that date from Kasperek to Defendant, informing him that the Second Circuit had denied the petition for rehearing en banc.

6

On September 24, 2008, Defendant filed a motion [#436] to amend/supplement his § 2255 motion. Defendant states that his attorney was ineffective at sentencing, for failing to object to the Court's order that he pay $7,936.00 in restitution to one of his robbery victims. Defendant states that the Court failed to consider his finances when it imposed such restitution, and that his attorney was ineffective for failing to object.[3]

On March 11, 2010, Defendant filed a motion [#448] for leave to file a "supplemental pleading." Specifically, Defendant sought to add a claim pursuant to *U.S. v. Whitley*, 529 F.3d 150 (2d Cir. 2008), arguing that he could not be found guilty and sentenced to a consecutive mandatory five-year minimum under 18 U.S.C. § 924(c), since he was already subject to a higher mandatory minimum for drug trafficking.

On April 8, 2010, Defendant filed a motion [#450] for leave to file a supplemental complaint. Defendant essentially reiterated his argument that under *U.S. v. Whitley* and *U.S. v. Williams*, 588 F.3d 166 (2d Cir. 2009) he could not be liable for a consecutive five-year mandatory minimum under § 924(c) since he was already subject to a higher mandatory minimum for drug trafficking involving the same set of facts. Defendant argues that his aggregate 55-year sentence under § 924(c) must therefore be set aside.

On June 11, 2010, Defendant filed a motion [#459] to supplement his papers with additional legal argument concerning the alleged speedy-trial violation. Specifically, he argues that the Supreme Court's recent decision in *Bloate v. U.S.* abrogates *U.S. v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1983), by requiring that the 70-day speedy trial clock run from the date of his arraignment on the original indictment. Apparently in the alternative, Defendant

---

[3]Specifically, he alleges that the Court violated 18 U.S.C. § 3664(f)(2) when it imposed restitution without considering his finances, and by directing that Defendant make payments toward such amount in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program.

maintains that the speedy-trial clock expired on the § 922(g) count, which was the sole count in the original indictment, since, although that count was carried over into the two superceding indictments, no other defendants were charged under that count. *See*, Def. Aff. [#462]. Defendant also maintains that his attorney was ineffective for failing to challenge this Court's denial of his motion to dismiss on speedy-trial grounds.

On July 16, 2010, Defendant filed a motion [#464] for judgment on the pleadings, on the grounds that the Government has failed to file a timely response to his § 2255 motion, as ordered by the Court. However, on March 17, 2010, the Government submitted a letter motion, with a copy to Defendant, asking that its time to respond to Defendant's motion be held in abeyance, in light of the impending decision by the Supreme Court in *Abbott v. United States*. Due to an oversight on the Court's part, it did not respond to the Government's request. Nevertheless, on November 15, 2010, the Supreme Court issued its decision in *Abbott v. U.S.*, 131 S.Ct. 18 (2010), which appears to dispose of Defendant's arguments under *Whitley* and *Williams*.

On September 29, 2010, Defendant filed a motion with the Second Circuit, seeking a recall of the Circuit Court's Mandate, on the basis of the Supreme Court's decision in *Bloate*. *See, USA v. Murphy*, Court of Appeals Docket No. 04-0477-cr, Docket entry dated September 29, 2010. On November 23, 2010, Defendant filed a request in this action, asking that his § 2255 motion be held "in abeyance" pending the Second Circuit's resolution of his motion to recall the mandate.[4]

---

[4]Additionally, Defendant requested that the Court provide him with a transcript of a court appearance on February 5, 2009. The Court will address that request in a separate order.

ORDER

Accordingly, it is hereby ORDERED that:

1. Defendant's § 2255 motion is held in abeyance pending a resolution of his motion asking the Second Circuit to recall its mandate;

2. the parties shall notify the Court in writing when the Second Circuit issues a ruling on Defendant's motion to recall the mandate;

3. if the motion to recall the mandate is denied, the Government shall file and serve a response to Defendant's § 2255 motion and other pending applications,[5] on or before 45 days after the Second Circuit issues its decision resolving Defendant's motion to recall the mandate; and

4. Defendant shall file and serve any reply to the Government's responsive papers on or before 25 days after the Government serves its papers.

So Ordered.

Dated:     Rochester, New York
           January  *19* , 2011

                                   ENTER:

                                   *Charles Siragusa*
                                   _____
                                   CHARLES J. SIRAGUSA
                                   United States District Judge

---

[5] Such response should also address the timeliness of Defendant's § 2255 motion.

9